Circuit Court of Cuyahoga County.

Harry Koblitz v. Lizzie Bartlett et al.

Decided, June 17, 1912.

*Attorney Claiming Interest in Judgment—Not a Party—Can Not Prosecute Error.*

An attorney claiming an interest in a judgment rendered in favor of his client, but not a party to the action in which it was recovered, can not prosecute error proceedings in his own name to any order of the court made in said action.

*F. A. Henry,* for plaintiff in error.
*Wing, Myler & Turney,* contra.

NIMAN, J.; MARVIN, J., and METCALFE, J. (sitting in place of Winch, J.), concur.

The action out of which this proceeding in error arises was begun by the defendant in error, Lizzie Bartlett, to recover from the defendant in error, Theodore Poplowsky, administrator of the estate of Andrew Besenz, deceased, on a claim for caring for the said Andrew Besenz during the period extending from March 10th, 1904, to September 16th, 1907, while he was incapable of caring for himself.

Such proceedings were had in the original action, that the plaintiff recovered of said administrator a judgment for $1,-141.80.

Thereafter the plaintiff, herself, made application for leave of court to remit all her judgment in excess of $500. This application was granted and she was given leave to, and did remit from the amount of her judgment all in excess of $628.50. The discrepancy between the amount mentioned in her motion and that contained in the journal entry authorizing the remittitur is probably due to the fact that interest was calculated on the sum of $500 from the time it became a claim against the estate of Andrew Besenz, deceased. At the time the plaintiff was given leave to remit from her judgment, a former order of the court ordering a remittance from the judgment in like amount on the ground that the judgment was too large, was vacated and set aside as being erroneous.

Harry Koblitz, the plaintiff in error, was not a party to the action below, but it appears from the journal entry that an exception was noted in his behalf, to the action of the trial court in granting leave to the plaintiff to make the desired remittitur.

From the bill of exceptions filed by him, it appears that he was present, by counsel, at the hearing and resisted the plaintiff's application, not on behalf of any party to the action, but on his own behalf. The ground of his objection was that the plaintiff had previously assigned to him as compensation for legal serv-

ices in obtaining the judgment, that portion thereof which she sought to remit.

In his petition in error he sets forth the recovery of the judgment for $1,141 by Lizzie Bartlett against Theodore Poplowsky, administrator of the estate of Andrew Besenz, deceased, and avers the subsequent assignment to him by the plaintiff below of the judgment in excess of $500 and the action of the trial court in allowing said plaintiff to remit from the judgment all in excess of $628.50.

He assigns as error the action of the trial court in permitting the plaintiff to remit from her judgment, and states as follows:

"1.   That the said Lizzie Bartlett was not the real party in interest in said judgment at the time of the making of the application and of the making of said remittitur.

"2.   That the said Harry Koblitz, plaintiff in error herein, was the real party in interest, and was in fact and in law the owner of said judgment.

"3.   That the said order allowing and entering said remittitur is contrary to the evidence introduced in said hearing.

"4.   That the granting of said order allowing said remittitur is contrary to law.

"5.   That there are other errors in the proceedings apparent in the record, to all of which the said plaintiff in error duly excepted."

It is made to appear that there was no controversy between the original parties to the action over the plaintiff's application. She was anxious to remit from her judgment all in excess of $500. The defendant could not consistently resist the application, and did not in fact do so.

The plaintiff in error claiming to be the owner of that portion of the judgment sought to be remitted was present in court at the hearing, but the record fails to show that he ever obtained leave to become a party to the action, or that he ever in fact in any way became a party thereto.

We have therefore before us a bill of exceptions, containing the evidence taken at a hearing on an application by a party to the action, and resisted by one claiming an interest in the judgment by assignment, but who was not a party to the action so as to be entitled, as matter of right, to be heard.

We are asked to review a decision of the trial court by one who was a party to the action in which the decision was rendered, and who has no other rights than those possessed by him at the time of the hearing of the court below.

In *Mindock* v. *Kramer*, 20 C. C., 665, it was held:

"Where a judgment is rendered affecting the interest of a party not a party to the suit, such party is not authorized to institute error proceedings to such judgment."

We are of opinion that the plaintiff in error, not having been a party to the action in which the decision complained of was made, can not bring the decision here for review.

Even if the plaintiff in error had become a party to the action below, it seems doubtful whether or not he would have accomplished what he desired in the hearing on the plaintiff's application to remit. His controversy is with the plaintiff over the validity of an assignment of that part of the judgment sought to be remitted, a subject entirely foreign to any issue involved in the original action. If that assignment is valid the plaintiff had no power to remit. She could not relinquish rights in something she did not possess, and her act would be a mere nullity. In such event the plaintiff in error still has an enforcible judgment against the defendant below, to the extent of the amount assigned to him. If the plaintiff had the right to remit from the judgment, she needed no assistance of the court to enable her to do so.

The controversy between plaintiff in error and defendant in error, Lizzie Bartlett, would seem to be the proper subject-matter of an independent action rather than one to be settled upon hearing of a motion.

This furnishes an additional reason for holding that the question sought to be raised by this proceeding in error can not be considered on its merits.

The petition in error will, therefore, be dismissed.